UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIAN REYES | * | CIVIL ACTION NO. 2:19-cv-13734 |
| | * | |
| | * | JUDGE: IVAN L.R. LEMELLE |
| VERSUS | * | |
| | * | MAGISTRATE: DANA DOUGLAS |
| THE DOW CHEMICAL COMPANY | * | |
| AND/OR DOW INDUSTRIES, LLC, | * | |
| ABC INSURANCE COMPANY, | * | |
| JOHN DOE, AND/OR ATLANTIC | * | |
| SPECIALTY INSURANCE | * | |
| *    *    *    *    *    *    * | | |

## THE DOW CHEMICAL COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO CONTINUE TRIAL AND RESET DEADLINES

The Dow Chemical Company ("Dow") has no objection to Plaintiff's Motion to Continue Trial and Reset Deadlines based on Plaintiff's counsel's trial conflicts arising from the ongoing Covid pandemic. Dow would further add that newly discovered evidence likewise makes a brief continuance of the trial, and new deadlines, warranted.

In this suit, Plaintiff alleges that on June 28, 2018, he drove to the Dow Chemical Plant "Pool Yard" in Port Allen, Louisiana, to pick up an intermodal shipping container of "expandable polymeric beads." Mr. Reyes travelled from Port Allen, Louisiana to New Orleans via Interstate 10. In Metairie, Louisiana, Mr. Reyes took the Clearview Parkway exit off of Interstate 10. Mr. Reyes alleges that as he rounded the right-hand curve on the interstate exit ramp, he lost control of his rig, causing it to overturn. Mr. Reyes further alleges as he was executing the right-hand exit curve, his load shifted, causing a tire to blow out on the left side of his vehicle and the trailer to tip sideways, pulling the entire tractor-trailer down with it. Mr. Reyes alleges Dow improperly loaded and secured the cargo inside the container in the following ways:

1

1. Failed to properly train employees on the proper loading procedures and methods for loading trailers such as his;

2. Failed to have proper policies and/or procedures in place for loading trailers such as his;

3. Failed to hire qualified workers to load trailers such as his;

4. Failed to properly supervise the actions of its employees to ensure that they knew and used proper policies and procedures for loading Mr. Reyes trailer;

5. Failed to properly secure the micro-bead load onto Mr. Reyes's trailer;

6. Failed to warn Mr. Reyes of the improper loading;

7. Failed to warn Mr. Reyes of the type of hazardous cargo loaded on his trailer;

8. Assumed the duty to secure the cargo, but failed to do so with reasonable care and/or completely failed to secure the load;

9. Assumed the duty to distribute the cargo, but failed to do so with reasonable care;

10. Assumed the duty to place the load on the trailer, but failed to do so with reasonable care;

    and

11. Failed to load the cargo in compliance with the Code of Federal Regulations, especially those governing transport of polymeric beads.

In response to Plaintiff's initial discovery, Dow notified Plaintiff that it could not respond to the discovery without knowing the exact product allegedly being shipped from the Dow complex. Dow ships thousands of loads of product both domestically and internationally each year. In most instances, the mode of loading product into trailers is different. Without knowing the exact product Plaintiff was allegedly hauling, Dow could not fully respond to Plaintiff's discovery.

To identify the exact product allegedly being shipped, Dow subpoenaed the records of Triple G Express, the trucking contractor for which Plaintiff was driving. Triple G's file contained the Bill of Lading Plaintiff was given on the day of the accident. From the Bill of Lading, Dow

was able to identify the specific product being shipped. Most importantly, Dow discovered that it did not load or secure the trailer Plaintiff was allegedly hauling at the time of the accident. Frontier Logistics loaded and secured the subject trailer.

Plaintiff picked up the intermodal shipping trailer from Frontier Logistics' warehouse in Plaquemine, Louisiana, not from Dow as was alleged. As a result of these newly discovered facts, Dow is supplementing its discovery responses to alert Plaintiff of Frontier Logistics' involvement. Therefore, Dow has no objection to Plaintiff's Motion to Continue Trial and Reset Deadlines.

Respectfully submitted,

**PUGH, ACCARDO, HAAS,
RADECKER & CAREY, L.L.C.**

*/s/ G. Benjamin Ward*

_____
McGready L. Richeson, T.A. (La. Bar No. 29398)
G. Benjamin Ward (La. Bar No. 20403)
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Phone: (504) 799-4500
Fax: (504) 799-4520
**ATTORNEYS FOR THE DOW CHEMICAL COMPANY**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant hereby certifies that a true and correct copy of the foregoing document was filed with the Court and served electronically to receive a Notice of Electronic Filing for this case.

Dated: December 1, 2020

/s/ G. Benjamin Ward