UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIAN REYES | * | CIVIL ACTION NO. 2:19-cv-13734 |
| | * | |
| | * | JUDGE: IVAN L.R. LEMELLE |
| VERSUS | * | |
| | * | MAGISTRATE: DANA DOUGLAS |
| THE DOW CHEMICAL COMPANY | * | |
| AND/OR DOW INDUSTRIES, LLC, | * | |
| ABC INSURANCE COMPANY, | * | |
| JOHN DOE, AND/OR ATLANTIC | * | |
| SPECIALTY INSURANCE | * | |
| *   *   *   *   *   *   * | * | |

### THE DOW CHEMICAL COMPANY'S
### PRELIMINARY WITNESSS & EXHIBIT LIST

**NOW INTO COURT**, through undersigned counsel, comes Defendant, **THE DOW CHEMICAL COMPANY**, who file its Preliminary Witness List and Exhibit List as follows:

**I.     FACT WITNESS LIST**

The following witnesses may be called:

1. Plaintiff, Brian Reyes;

2. Brian Melvin, Investigating Officer, Jefferson Parish Sheriff's Office;

3. Richelle Laquerre, Motorist whose car was damaged in the subject accident;

4. Daniel Bright, Owner of the tractor/trailer driven by Mr. Reyes;

5. Michael Maniscalco, Risk Manager for Triple G Express, Inc.;

6. Jabbar (JB) Smith, Safety Department for Triple G Express, Inc.;

7. Keith Spizale, Operations Manager of Triple G Express, Inc.;

8. Carlos Lopez – Napa River Insurance, Claims adjuster for Richelle Laquerre's claim against Triple G Express, Inc.;

9. Brian Green, LAO Tank Truck Control Center Arm, The Dow Chemical Company;

10. Scott Russell, LAO Plastics Logistics Leader, The Dow Chemical Company;

11. Mark Bernard, LAO Plastics Logistics, The Dow Chemical Company;

12. Corporate representative and employees of The Dow Chemical Company regarding loading of trailer, regarding Dow's contractual relationship with Frontier Logistics for the packaging of the product, loading of the packaged product onto trailers, and storing the trailers at Frontier's warehouses;

13. Corporate representative and employees of Frontier Logistics, LP, regarding loading of trailer, regarding Dow's contractual relationship with Frontier Logistics for the packaging of the product, loading of the packaged product onto trailers, and storing the trailers at Frontier's warehouses;

14. Representatives of Plaintiff's current and former employers regarding work activities and wages;

15. Any witness who will offer rebuttal testimony to Plaintiff's fact and/or expert witnesses;

16. Any witness necessary for the authentication of exhibits/documents as to which Plaintiff may raise an objection to at trial;

17. Any individual identified on any exhibit submitted by this Defendant in this case;

18. Any witness listed by the Plaintiff on any witness list, whether on an amended or supplemental list, or who may be so identified in the future;

19. Any and all physicians and/or health care practitioners identified via discovery who evaluated, treated, examined, tested, interviewed, or provided any other medical service to Plaintiff prior to or subsequent to the accident in question, including but not limited to the following:

    a. John M. Gordon, MD, Healthcare Provider for Mr. Reyes;
    b. Ryan A. Jacob, MD, Healthcare Provider for Mr. Reyes;
    c. Mariam Majd, MD, Healthcare Provider for Mr. Reyes;
    d. Scott B. Branting, MD, Healthcare Provider for Mr. Reyes;
    e. Terry G. Creel, MD, Healthcare Provider for Mr. Reyes;
    f. Stephen Thon, MD, Healthcare Provider for Mr. Reyes;
    g. Michael O'Brien, MD, Healthcare Provider for Mr. Reyes;
    h. Angela Traylor, MD, Healthcare Provider for Mr. Reyes;
    i. Chuong Nguyen, MD, Healthcare Provider for Mr. Reyes;
    j. Thomas Nuttli, MD, Healthcare Provider for Mr. Reyes;
    k. William Sherman, Jr., Healthcare Provider for Mr. Reyes.

20. Any individual who may have knowledge of the Plaintiff's physical condition prior or subsequent to the date of the accident.

21. A representative of any pharmacy at which Plaintiff has filled prescriptions;

22. Corporate representative of Triple G Express, Inc., Plaintiff's employer at the time of this accident;

23. Corporate representative of Dupre' Transport, Contractor with whom The Dow Chemical Company contracts for the movement of trailers;

24. District Attorney Jefferson Parish, Disposition of careless operation ticket

25. Any and all individuals or entity who inspected, repaired, photographed, or prepared a property damage estimate of the vehicle driven by the Plaintiff at the time of the accident.

**II.   EXPERT WITNESS LIST**

The following witnesses may be called:

1. Lane Vaningen, Transportation Compliance Experts Inc., Transportation Regulatory Expert

2. Allen Powers, MSME, PE, 3 Axis Engineering, LLC., Accident Reconstruction Expert.

**III.   EXHIBIT LIST**

Defendant may use the following Exhibits:

1. Police Report, dated 06/28/18;

2. 23 photographs accompanying the Police Report;

3. Bill of Lading, Shipment #0032375329;

4. Photograph of loaded trailer transported by Mr. Reyes;

5. Exemplar photographs of loaded trailers;

6. Dow Global Transportation Incident Report created by Triple G Express, with transmission e-mail;

7. North America Plastics Loading Patterns (*i.e.* the loading matrix);

8. Triple G Express ELD Logs;

9. Chassis 1-year pm service;

10. Chassis Registration;

11. Plaintiff's Facebook posts, as contained in the records subpoenaed from Plaintiff's employer, Triple G Express, Inc.;

12. Contract between Dow and Frontier Logistics, LP;

13. Contract between Dow and Triple G Express, Inc.;

14. Contractor Lease with Above Level, Inc.;

15. Expert Report of Lane VanIngen, dated 12/14/2020, and documents relied upon in support;

16. Curriculum vitae of Lane VanIngen;

17. Expert Report of Allen Powers, and documents relied upon in support;

18. Curriculum vitae of Allen Powers;

19. Any expert report that may be rendered after the filing of this list;

20. Any other exhibits learned through the course of discovery and/or submitted by Plaintiff at trial and/or identified in the exchange of exhibit lists;

21. Past, present, and future wage and employment information of the Plaintiff;

22. Any and all documents, studies, tests, charts or written material necessary for all experts and lay persons under any of the above lists to support their testimony;

23. Plaintiff's medical records prior and subsequent to the accident in question;

24. Any and all employment records of Plaintiff;

25. Any and all demonstrative aids and/or enlargements of any of the exhibits or portion of the exhibits listed herein;

26. Any deposition taken in connection with this litigation;

27. Personnel files and employment records regarding Plaintiff's employment with Triple G Express, Inc. and any other prior or subsequent employers;

28. Documentation of any and all prior medical or healthcare treatment of the Plaintiff;

29. Property damage estimates of the vehicle driven by the Plaintiff at the time of the accident;

30. Any surveillance video and/or reports wherein the Plaintiff is the subject;

31. Any and all depositions of the Plaintiff;

32. Any and all documents listed in discovery;

33. Documentation of any other accidents, claims, and/or lawsuits involving the Plaintiff, including pleadings, discovery, and/or depositions; and,

34. Any exhibits which may be discovered between now and the time of trial.

**THE DOW CHEMICAL COMPANY** specifically reserve the right to amend, modify, alter, supplement, and/or otherwise change the designations listed herein prior to trial. These designations are made without any waiver of rights and defenses.

Respectfully submitted,

**PUGH, ACCARDO, HAAS,
RADECKER & CAREY, L.L.C.**

*/s/ G. Benjamin Ward*
_____
McGready L. Richeson, T.A. (La. Bar No. 29398)
G. Benjamin Ward (La. Bar No. 20403)
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Phone: (504) 799-4500
Fax: (504) 799-4520
**ATTORNEYS FOR THE DOW CHEMICAL COMPANY**

5

**CERTIFICATE OF SERVICE**

The undersigned counsel for Defendant hereby certifies that a true and correct copy of the foregoing document was filed with the Court and served electronically to receive Notice of Electronic Filing for this case.

Dated: December 14, 2020

/s/ G. Benjamin Ward