UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIAN REYES | * | CIVIL ACTION NO. 2:19-cv-13734 |
| | * | |
| | * | JUDGE: IVAN L.R. LEMELLE |
| VERSUS | * | |
| | * | MAGISTRATE: DANA DOUGLAS |
| THE DOW CHEMICAL COMPANY | * | |
| AND/OR DOW INDUSTRIES, LLC, | * | |
| ABC INSURANCE COMPANY, | * | |
| JOHN DOE, AND/OR ATLANTIC | * | |
| SPECIALTY INSURANCE | * | |
| * * * * * * * | * | |

### THE DOW CHEMICAL COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON MEDICAL CAUSATION

The Dow Chemical Company ("Dow") opposes Plaintiff's Motion for Partial Summary Judgment on Medical Causation on three (3) grounds. First, Plaintiff's motion is premised solely on the *Housley* presumption,[1] but Louisiana jurisprudence has consistently held that the *Housley* presumption cannot support a medical causation finding at the summary judgment stage. Second, Plaintiff's motion on medical causation is not otherwise supported by competent medical evidence that Plaintiff's medical complaints were caused solely by his accident. Third, discovery is on-going, including discovery on medical causation, making a blanket summary judgment finding on medical causation inappropriate at this time.

**Brief Facts**

In this suit, Plaintiff alleges that on June 28, 2018, he drove to the Dow Chemical Plant "Pool Yard" in Port Allen, Louisiana, to pick up an intermodal shipping container of "expandable

---

[1] A presumption that an injury was caused by an accident "if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition." *Housley v. Cerise,* 579 So.2d 973 (La. 1991).

polymeric beads." Mr. Reyes travelled from Port Allen, Louisiana to New Orleans via Interstate 10. In Metairie, Louisiana, Mr. Reyes took the Clearview Parkway exit off of Interstate 10. Mr. Reyes alleges that as he rounded the right-hand curve on the interstate exit ramp, he lost control of his rig, causing it to overturn. Mr. Reyes alleges that as he was executing the right-hand exit curve, his load shifted, causing a tire to blow out on the left side of his vehicle and the trailer to tip sideways, pulling the entire tractor-trailer down with it. Mr. Reyes alleges that this roll-over accident caused a litany of injuries including to his neck, left arm, hip, ear, head and memory problems.

I. **The *Housley* Presumption is not Applicable for Summary Judgment**

Plaintiff's motion for partial summary judgment on medical causation is premised solely on the *Housley* presumption. In *Housley v. Cerise*,[2] the Louisiana Supreme Court created a presumption in favor of plaintiffs that an injury would be presumed caused by an accident "if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition."[3]

While the *Housley* presumption is still viable in Louisiana, Louisiana jurisprudence has consistently held that the *Housley* presumption is **not** sufficient to support summary judgment on medical causation. The latest case to confirm the inapplicability of the presumption at the summary judgment statge is *Savoy v. Kroger Co.,* 2:17-CV-00897, 2020 WL 07377 (W.D. La. Jan. 7, 2020). There, Plaintiff, like Mr. Reyes here, brought a motion for partial summary judgment on medical

---

2 579 So.2d 973 (La. 1991).
3 *Id*. at 980.

causation based solely on the Housley presumption. Judge Summerhays denied Plaintiff's motion, finding the Housley presumption insufficient to support summary judgment on medical causation:

> With respect to Plaintiff's motion, she argues that she is entitled to a finding that the incident in question caused her injuries as a matter of law based upon the presumption of causation provided in Housley v. Cerise, 579 So.2d 973 (La. 1991). *Housley*, however, does not provide grounds for summary judgment because courts have held that the *Housley* presumption does not apply at the summary judgment stage. Without that presumption, Plaintiff has not met her summary judgment burden of establishing medical causation as a matter of law. (Citations omitted).[4]

Similarly, in *Turner v. Knight Transportation, Inc.*, No. CV 1:13-02864, 2016 WL 8253803 (W.D. La. Mar. 24, 2016), Plaintiff moved for partial summary judgment on the issue of medical causation based on the *Housley* presumption. Chief Judge Drell denied Plaintiff's motion, finding the *Housley* presumption inappropriate to support a summary judgment on medical causation:

> "Plaintiffs contend that they are entitled to a presumption of causation provided by Louisiana law in Housley v. Cerise, 579 So.2d 973 (La. 1991). While plaintiffs argue the three Housley elements are met, they fail to cite cases showing the presumption is applied at the summary judgment stage. After significant research, the court fails to find any instances where the presumption was applied at this stage and, as pointed out by the United States District Court, Eastern District of Louisiana, to do so seems inappropriate: 'Plaintiffs are asking the Court to presume an element of the case in their favor, at the exact point when all factual conflicts are to be resolved against them.' Miller v. Mr. B's Bistro, Inc., 2005 WL 2036780 (E.D.La.) "[5]

Plaintiff cites Louisiana law that allows for fault presumption in a rear-end collision case, as well as falsity and malice presumption in defamation case, but those presumptions are materially different from the *Housley* presumption. In both the rear-end collision case and defamation case, the defendant can rebut the presumption. In a rear-end collision case, the defendant is presumed

---

4 *Savoy v. Kroger Co.*, 2:17-CV-00897, 2020 WL 97377, at *9 (W.D. La. Jan. 7, 2020).
5 *Turner v. Knight Transportation, Inc.*, No. CV 1:13-02864, 2016 WL 8253803, at *2 (W.D. La. Mar. 24, 2016).

3

at fault unless he or she can establish that plaintiff created the hazardous situation with a sudden stop.  In defamation, the defendant can defend the matter by establishing that he or she did not act with malice.  The issue of medical causation is different because it requires medical expert testimony to establish or refute.  Accordingly, Louisiana law has consistently held that the *Housley* presumption cannot support a summary judgment on medical causation.

II. **Plaintiff's Motion is not Supported by Competent Medical Testimony**

Plaintiff has failed to support his motion for partial summary judgment on medical causation with competent medical testimony.  Under Louisiana law, Plaintiff bears the burden of proving causation by a preponderance of the evidence.[6]  The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proves through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident.[7]

Here, Plaintiff has not provided any medical testimony regarding causation.  Plaintiff has merely attached "excerpts" from a small pittance of pPlaintiff's medical records.  From these "excerpts," this court cannot conclude that there are no material issues of fact regarding causation for all of Plaintiff's litany of injuries.  Plaintiff has not established who authored the various notations in the medical records.  Plaintiff has not established that the authors are competent to testify regarding medical causation. Finally, the medical records do not establish the duration of Plaintiff's complaints, yet Plaintiff asks this court for a blanket summary judgment concerning medical causation.  In short, there is no competent medical testimony to support Plaintiff's motion for partial summary judgment on medical causation.

---

6 *Talbot v. Elec. Ins. Co.*, Civil Action 17-299, 2018 WL 6274314 (M.D. La. Nov. 29, 2018).
7 *Id*.

4

III.   **Discovery, Including Discovery on Medical Causation, is On-Going Making Summary Judgment Premature**

The discovery deadline in this case is January 12, 2021. The parties are still engaging in discovery, including discovery relative to Plaintiff's alleged injuries. Plaintiff's motion for partial summary judgment is premature until the parties have completed discovery, and the medical experts have provided their respective opinions regarding the nature and extent of Plaintiff's alleged injuries. While Dow does not dispute that Plaintiff was injured in the subject accident, Dow does believe a determination regarding medical causation is premature until such time as discovery has been completed.

Respectfully submitted,

**PUGH, ACCARDO, HAAS,
RADECKER & CAREY, L.L.C.**

*/s/ G. Benjamin Ward*

_____
McGready L. Richeson, T.A. (La. Bar No. 29398)
G. Benjamin Ward (La. Bar No. 20403)
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Phone: (504) 799-4500
Fax: (504) 799-4520
**ATTORNEYS FOR THE DOW CHEMICAL COMPANY**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant hereby certifies that a true and correct copy of the foregoing document was filed with the Court and served electronically through notice of Electronic Filing for this case.

Dated: December 15, 2020

/s/ G. Benjamin Ward