UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRIAN REYES      &ast;  CIVIL ACTION NO. 2:19-cv-13734
          &ast;
          &ast;  JUDGE: IVAN L.R. LEMELLE
VERSUS       &ast;
          &ast;  MAGISTRATE: DANA DOUGLAS
THE DOW CHEMICAL COMPANY &ast;
AND/OR DOW INDUSTRIES, LLC, &ast;
ABC INSURANCE COMPANY,  &ast;
JOHN DOE, AND/OR ATLANTIC  &ast;
SPECIALTY INSURANCE   &ast;
&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

**THE DOW CHEMICAL COMPANY'S STATEMENT OF MATERIAL FACTS**

    The Dow Chemical Company ("Dow") responds to Plaintiff's Statement of Undisputed

Material Facts as follows:

1. Plaintiff's Statement of Undisputed Material Facts No. 1 is not material to his motion, but it is also not true. As shown in Dow's discovery responses, Plaintiff did not go to Dow's facility on the date of the accident as alleged. Plaintiff went to Frontier Logistics' facility on the date of the accident to pick up his load. (See attached).

2. Similar to No. 1 above, Plaintiff picked up a sealed load from Frontier Logistics, not Dow, to transport it to the Port of New Orleans.

3. Dow objects to the second part of Plaintiff's Statement No. 3 that Mr. Reyes "was not responsible for loading the trailer." That statement is not factual, but is a legal conclusion. Moreover, pursuant to federal motor safety regulations, Mr. Reyes, as the truck driver and motor carrier, has a non-delegable duty to secure his load before driving on any public roadway. See 49 CFR Part 390.3(e)(1-2).

4. Dow objects to Plaintiff's Statement No. 4 that Mr. Reyes "felt the cargo shift in the trailer, making the tire blow out and pulling the entire trailer down sideways, ultimately dragging the entire tractor-trailer down with it." That statement is not purely factual, and can only be made by an expert with expertise in dynamic physics and/or engineering. Mr. Reyes has not established that he is competent to testify that an alleged shift in cargo could or did make a tire blow out.

5. Dow asserts that a material issue of fact exists regarding whether Mr. Reyes was driving carefully or whether he was speeding.  The investigative officer cited Mr. Reyes for failing to maintain control of his vehicle and noted his estimated speed to be 10 mph over the advisory speed limit.

6. No objection.

7. Dow objects to Statement No. 7 on the ground that only a medical expert can opine that Mr. Reyes' injuries arose from his accident.

8. Dow contends that discovery on this issue, pre-existing pain and general health, is on-going therefore there may be additional evidence regarding same.

9. Dow objects to Statement No. 9 on the ground that only a medical expert can opine that Mr. Reyes' surgeries and scars were solely related to the accident.

#

Respectfully submitted,

**PUGH, ACCARDO, HAAS,
RADECKER & CAREY, L.L.C.**

*/s/ G. Benjamin Ward*

McGready L. Richeson, T.A. (La. Bar No. 29398)
G. Benjamin Ward (La. Bar No. 20403)
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Phone: (504) 799-4500
Fax: (504) 799-4520
**ATTORNEYS FOR THE DOW CHEMICAL COMPANY**


## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant hereby certifies that a true and correct copy of the foregoing document was filed with the Court and served electronically through notice of Electronic Filing for this case.

Dated: December 15, 2020

*/s/ G. Benjamin Ward*