UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRIAN REYES**                                              **CIVIL ACTION**

**VERSUS**                                                   **NO. 19-13734**

**THE DOW CHEMICAL COMPANY, ET AL**                          **SECTION "B"(3)**

## ORDER AND REASONS

Before the Court are plaintiff Brian Reyes' "Motion for Partial Summary Judgment on Medical Causation" (Rec. Doc. 25) and defendant Dow Chemical Company's opposition (Rec. Doc. 31).

For the reasons discussed below,

**IT IS ORDERED** that the motion (Rec. Doc. 25) is **DENIED**.

## FACTS OF THE CASE AND PROCEDURAL HISTORY

This dispute arises out of a motor vehicle crash that occurred on or about June 28, 2018 in the Parish of Jefferson, State of Louisiana. Rec. Doc. 1-2 at 1. Plaintiff Brian Reyes, who is a truck driver responsible for transporting materials, reported to defendant Dow Chemical Company's ("Dow") facility at the Dow Pool Yard located in Port Allen, Louisiana on the aforementioned date. *Id.* at 4. According to the state complaint, Dow's employee John Doe loaded micro-beads into Reyes' trailer, which "were a type of expandable polymeric beads used as plastic molding compounds." *Id.*

Before plaintiff departed the Dow Chemical Plant, he conducted his normal, detailed pre-trip inspection of the tractor-trailer. *Id.* at 5. Plaintiff alleges that the trailer had already

1

been improperly loaded and sealed, "such that Mr. Reyes was unable to observe first-hand, nor did he observe first-hand, the defectively loaded cargo." *Id.*

Plaintiff departed from the Dow Chemical Plant in his tractor, towing the trailer containing the micro-beads and heading towards the Port in New Orleans. *Id.* Plaintiff then decided to reroute to the Triple G Yard. *Id.* As plaintiff rounded a bend on the interstate at Interstate 10 and Clearview Parkway, plaintiff alleged that the improperly loaded cargo in the trailer shifted and caused a tire to blow and the trailer to tip sideways, pulling down the entire tractor-trailer with it. *Id.*

On June 19, 2019, plaintiff filed the instant complaint in the 24th Judicial District Court for the Parish of Jefferson, raising a negligence cause of action against the defendant Dow Chemical Company, Dow Industries, LLC, employee John Doe, ABC Insurance Company, Atlantic Specialty Insurance Company, and One Beacon Insurance Company.[1] *See generally* Rec. Doc. 1-2; Rec. Doc. 1 at 2.  Plaintiff alleges that defendants' negligence caused injuries to his neck, left arm, hip, ear, head and memory. Rec. Doc. 25-1 at 3. On November 20, 2019, defendant removed the state action to this Court on the grounds of complete diversity and damages in excess of $75,000. Rec. Doc. 1 at 3.

---

[1] According to the Notice of Removal, Dow Industries, LLC, Atlanta Specialty Insurance Company, and One Beacon American Insurance Company were dismissed without prejudice from the state action. Rec. Doc. 1 at 3.

2

On December 2, 2020, plaintiff filed the instant motion for partial summary judgment. Rec. Doc. 25. Plaintiff asserts that the factual allegations of this matter triggers the medical causation presumption of *Housley*. Rec. Doc. 25-1 at 6. Plaintiff argues that the *Housley* presumption should be applied in his favor because his injuries manifested after the incident, creating a "reasonable possibility" that the accident caused his injuries. *Id.* at 8.

On December 15, 2020, defendant timely filed an opposition to the motion for partial summary judgment. Rec. Doc. 31. Defendant generally argues that *Housley* is not applicable at the summary judgment phase, and even if it was supported at this stage in the proceedings, plaintiff's summary judgment evidence is insufficient to prove causation. *Id.* at 2, 4. Defendant also asserts that plaintiff's partial summary judgment motion is premature because discovery is still on-going. *Id.* at 5.

Following the submission of the parties' pleadings, defendant discovered information regarding who was responsible for loading the tractor on the day of the incident. Rec. Doc. 24 at 3. Upon doing so, defendant identified Frontier Logistics as the party responsible for loading and securing the subject trailer. *Id.* After receiving this information, plaintiff has since filed an amended complaint, identifying Frontier Logistics as another potential tort-feasor. *See* Rec. Doc. 49.

3

## LAW AND ANALYSIS

### A. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixon Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co.,*

4

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

### B. The *Housley* Presumption

In Louisiana, a negligence cause of action is subject to the duty-risk analysis, requiring proof of a duty, breach of duty, causation, scope of liability, and damages. *Lemann v. Essen Lane Daiquiries, Inc.*, 2005-1095 (La. 3/10/06), 923 So.2d 627, 632-33; *see also* La. Civ. Code art. 2315. Nevertheless, the Louisiana Supreme Court created a presumption applicable to the issue of medical causation in tort claims. *See Housley v. Cerise*, 579 So.2d 973, 980 (5th Cir. 1991). The so-called *Housley* presumption provides:

> A claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.

*Id.* (citing *Lukas v. Insurance Company of North America*, 342 So.2d 591, 596 (La. 1977)). As such, to trigger the *Housley* presumption, the plaintiff must prove (1) that he was in good health prior to the accident, (2) that subsequent to the accident, symptoms of the

5

alleged injury appeared and continuously manifested themselves thereafter, and (3) that there was a reasonable possibility of causation between the accident and alleged injury based on medical evidence, circumstantial evidence, or common knowledge. *Kelly v. AME Janitorial Services Co.*, 2009-1167 (La.App. 4 Cir. 3/3/10), 33 So.3d 358, 360 (citing *Juneau v. Strawmyer*, 94-0903 (La.App. 4 Cir. 12/15/94), 647 So.2d 1294, 1299).

Plaintiff seeks partial summary judgment on the issue of medical causation, arguing that his injuries and factual allegations trigger the *Housley* presumption. Rec. Doc. 25-1 at 7-8. However, plaintiff's motion flies in the face of settled Fifth Circuit and Supreme Court jurisprudence advising against ruling on a motion for summary judgment before the discovery cut-off. *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 354 (5th Cir. 1989)("Summary judgment should not. . .ordinarily be granted before discovery has been completed."); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)(holding that courts may deny summary judgment if the non-moving party has not had an opportunity to make full discovery).

Consequently, courts have generally held that *Housley* does not apply at the summary judgment stage of proceedings. For example, in *Miller v. Mr. B's Bistro, Inc.*, this Court was "not persuaded" to apply the *Housley* presumption on summary judgment because "plaintiffs [were] asking the Court to presume an element

6

of the case in their favor, at the exact point when all factual conflicts are to be resolved against them." No. Civ.A. 04-3271, 2005 WL 2036780, at *3 (E.D.La. Aug. 3, 2005)(Fallon, J.); *see Savoy v. Kroger Co.*, No. 2:17-CV-00897, 2020 WL 97377, at *8-9 (W.D.La. Jan. 7, 2020)(denying plaintiff's motion for partial summary judgment because *Housley* presumption was inapplicable at that point); *see also Turner v. Knight Transportation*, No.: 1:13-02864, 2016 WL 8253803, at *2 (W.D.La. March 24, 2016)(same). Noting the lack of jurisprudence granting summary judgment upon the *Housley* presumption, the court guided, "the *Housley* presumption generally comes into play when a party appeals an adverse decision in the trial court." *Id.* at *2.

Notably, plaintiff admits that he "has not found any Louisiana cases specifically applying the *Housley* presumption at the summary judgment stage."[2] Rec. Doc. 25-1 at 6. Plaintiff nonetheless argues that the absence of controlling case law applying the *Housley* presumption on summary judgment is insufficient grounds for denial. *Id.* at 6-7. Rather, plaintiff points to Louisiana cases wherein the court granted summary judgment based on evidence triggering a presumption of an essential element. Rec. Doc. 25-1 at 5; *see Leblanc v. Bouzon*, 2014-1041 (La.App. 3 Cir. 3/4/15),

---

[2] Plaintiff states, "Although Mr. Reyes has not found any Louisiana cases specifically applying the *Housley* presumption at the summary judgment stage, there are likewise no Louisiana cases that would justify straying from the established burden shifting framework for presumption at the summary judgment stage." Rec. Doc. 25-1 at 6.

7

159 So.3d 1144 (affirming summary judgment because evidence that the forward driver was at a complete stop prior to being struck from behind by defendant motorist creates presumption of defendant's fault); *see also Alexander v. Blue Williams*, 2018-0776, p. 11 (La.App. 4 Cir. 1/23/19), --- So.3d --- (affirming summary judgment for the defendants because evidence of qualified privilege created a presumption of falsity and malice in defamation suit).

Defendant principally argues that *Housley* is inapplicable at this stage in the proceedings. Rec. Doc. 31 at 2. Defendant further argues that plaintiff's cited case law does not support the applicability of *Housley* in this matter because "those presumptions are materially different from the *Housley* presumption." *Id.* at 3. Defendant claims that the presumptions are dissimilar because medical causation "requires medical expert testimony to establish or refute." *Id.* at 4.

Notably, there have been discovery disputes between the parties to the extent that defendant failed to timely and adequately respond to plaintiff's requests. *See* Rec. Doc. 22. Additionally, this Court has since extended the existing discovery deadline to June 15, 2021. Rec. Doc. 44. Despite its belated discovery responses, defendant Dow Chemical seems to suggest that Frontier Logistics may be responsible for its actions in the loading process of plaintiff's trailer. *See* Rec. Doc. 31-2 at 6-

7. Consequently, plaintiff filed an amended complaint to include Frontier Logistics. *See* Rec. Doc. 49. Moreover, plaintiff offers case law to advance a novel argument that the *Housley* presumption applies in the same manner as other presumptions under Louisiana law. However, as indicated in *Miller, Turner,* and *Savoy,* applying the *Housley* presumption in the present context is inappropriate. Because parties are engaged in ongoing discovery, particularly discovery related to plaintiff's injuries, summary judgment at this time on causation issues is premature.

Assuming *arguendo* that the *Housley* presumption may be applied on summary judgment, defendant argues that plaintiff's evidence is insufficient to establish medical causation. Generally, expert testimony to establish or refute medical causation may become necessary. *Hutchinson v. Shah*, 94-0264 (La.App. 1 Cir. 12/22/94), 648 So.2d 451, 453; *see Talbot v. Electric Insurance Company*, Civil Action 17-299-SDD-EWD, 2018 WL 6274314, *4 (M.D.La. Nov. 30, 2018)(granting defendant's motion for partial summary judgment based on plaintiff's failure to submit expert testimony required to prove medical causation). The *Housley* case demonstrates a plaintiff's evidentiary burden to prove this essential element.

In *Housley*, the plaintiff attempted to prove medical causation through expert testimony, evidence of the plaintiff's health before her fall, and evidence of the temporal relationship between the plaintiff's fall and the premature rupture of her water

9

bag. *Housley*, 579 So.2d at 979. During trial, the medical expert testified that the fall was a "contributing factor" of the rupture in plaintiff's water bag. *Id.* at 980. The Louisiana Supreme Court believed the expert's testimony was "clearly sufficient to establish a 'reasonable possibility' of a causal connection between the fall and the rupture of the water bag." *Id.*

Although medical testimony is traditionally favored and sometimes required by courts to prove causation, causation can still be shown through other direct or circumstantial evidence, including common knowledge. *Lasha v. Olin Corp.*, 625 So.2d 1002, 1005 (La. 1993). However, "when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required." *Hutchinson*, 648 So.2d at 452.

For example, in *Cannet*, the plaintiff testified at trial that she did not have any physical ailments prior to the accident but immediately thereafter felt stiff, her ankle was swollen, and she endured neck, upper back, and shoulder pain. *Cannet v. Franklynn Pest Control Co., Inc.*, 08-56 (La.App. 5 Cir. 4/29/08), 985 So.2d 270, 276. The court stated, "we do not find that expert medical testimony was required in this case where the facts and plaintiff's complaints were not uncommon or complicated, and medical causation could be determined via common knowledge." *Id.*

Here, plaintiff did not provide any medical testimony in the form of a deposition or affidavit by his attending doctor or

10

medical expert. Rather, plaintiff offers excerpts of his medical records following the incident. *See generally* Rec. Doc. 25-3. The medical records include photos of his injuries, consultant reports by his doctors, and a list of his prescribed medication. *Id.* However, that submitted evidence does not clearly state that the sued-upon injuries were in all medical probability caused by the sued-upon accident. *See id.* at 4-6.

Plaintiff suggests basing a medical causation decision on common knowledge. Because the *Housley* and *Cannet* courts reviewed the plaintiffs' causation evidence produced at trial, a summary decision on causation at this stage appears to be premature. Additionally, there is no case authority for using one side's common knowledge evidence to prove medical causation at the summary judgment phase, particularly considering the recent extension of discovery deadlines. This ruling does not preclude a future examination of the *Housley* presumption.

New Orleans, Louisiana this 23rd day of April, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE