UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIAN REYES, | * | CIVIL ACTION |
| | * | |
| Plaintiff | * | NO. 2:19-cv-13734-ILRL-DMD |
| | * | |
| vs. | * | SECTION: B |
| | * | |
| | * | JUDGE IVAN L.R. LEMELLE |
| DOW CHEMICAL COMPANY, ET AL. | * | |
| | * | MAGISTRATE DANA M. DOUGLAS |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF LANE VANINGEN

**NOW INTO COURT**, through undersigned counsel, comes defendant, Frontier Logistics, LP ("Frontier"), who respectfully submits this Memorandum in Opposition to Plaintiff's Motion in Limine to Exclude the Testimony of Lane VanIngen (Rec. Doc. 65). For the reasons that follow, Lane VanIngen should be allowed to testify as an expert at trial.

Federal Rules of Evidence Rule 702 permits a witness who is qualified as an expert by knowledge, skill, experience, training, or education to testify in the form of an opinion if 1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; 2) the testimony is based on sufficient facts or data; 3) the testimony is the product of reliable principles and methods; and 4) the expert has reliability applied the principles and methods to the facts of the case.[1] An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed.[2] Additionally, an opinion is not objectionable just because it embraces an ultimate issue.[3] The Advisory Committee notes that the prior per se rule against testimony regarding ultimate issues of

---

[1] *See* Fed. R. Civ. Proc. Rule 702.
[2] *See* Fed. R. Civ. Proc. Rule 703.
[3] *See* Fed R. Civ. Proc. Rule 704.

1

fact was unduly restrictive, difficult of application and generally served only to deprive the trier of fact of useful information.

Notably, plaintiff does not assert that VanIngen is unqualified to testify as an expert or that the basis of his opinion is unsupported by facts in the case. This is not surprising as "VanIngen's CV reflects thirteen years of service as a Special Agent/Motor Carrier Safety Specialist with the U.S. Department of Transportation, followed by seventeen years as president and owner of a transportation safety consulting firm; this experience is sufficient to qualify VanIngen as an expert."[4] Plaintiff's singular contention is that VanIngen's opinions allegedly contain improper legal conclusions. However, the opinions of VanIngen do not include any conclusion of law pertaining to legal responsibility for the accident.

VanIngen's first opinion is that Triple G Express Inc., an authorized motor carrier, and its driver, Brian K. Reyes, were subject to the Federal Motor Carrier Safety Regulations on the date of the accident at issue.[5] VanIngen's second opinion is that DOW Chemical is not subject to the Federal Motor Carrier Safety Regulations as a shipper of non-hazardous material.[6] These are neither legal opinions nor opinions regarding legal responsibility for the accident. These opinions simply state the applicability/non-applicability of the Federal Motor Carrier Safety Regulations to the parties involved in this matter. VanIngen's third opinion simply concludes that, in this case, the duties included in the Federal Motor Carrier Safety Regulations, such as proper loading and securing, are applicable to Triple G and its driver, Brian Reyes, as they are considered to be an authorized motor carrier.[7] Again, this does not contain a legal opinion or an opinion regarding legal responsibility for the accident. It simply states who in this particular case is subject to the

---

[4] *Escalante v. Creekside Logistics, LLC*, 2019 WL 9135758 at *7 (W.D. Texas Feb. 12, 2019).
[5] *See* Rec. Doc. 65-2.
[6] *See id.*
[7] *See id.*

2

Federal Motor Carrier Safety Regulations and what some of their duties entail. There is no mention of fault for the accident in any of the three opinions from VanIngen.

As VanIngen's opinions do not contain legal conclusions, the cases relied upon by plaintiff in her Motion in Limine are easily distinguishable. In *Owen v. Kerr-McGree Corp*, an expert was asked at trial, "Do you have any opinion as to the cause of the accident…"[8] This question was ruled by the Fifth Circuit as seeking an improper legal conclusion.[9] However, a follow up question asking to the expert inquire as to what he considered to be safe practices for dirt contracting or land clearing, was ruled by the Fifth Circuit to be proper as it sought a factual conclusion.[10] Similarly, in *Matthews v. Ashland Chemical, Inc.*, a fire expert was asked at trial "what the origin and the cause of the fire was."[11] The Fifth Circuit held this to be improper as it asked the expert to testify about the ultimate legal conclusion.[12] However, the expert was allowed to testify about sections of the National Fire Protection Association's Code, the National Electric Code, and the American National Standard Specifications for Accident Prevention Signs.[13] Likewise in *Burkhart v. Washington Metropolitan Area Transit Authority*, it was held improper for an expert to be asked to offer legal conclusions regarding whether a defendant had violated the ADA or Rehabilitation Act.[14] However, the Court noted that it would be permissible for the expert to testify regarding the difficulty a person like plaintiff would have communicating with the defendant under the circumstances and the merits of alternative forms of communication as set forth in the ADA.[15]

---

[8] *See Owen v. Kerr-McGee Corp*., 698 F.2d 236, 239 (5th Cir. 1983).
[9] *See id.* at 240.
[10] *See id.*
[11] *See Matthews v. Ashland Chemical, Inc*., 770 F.2d 1303, 1311 (5th Cir. 1985).
[12] *See id.*
[13] *See id.* at 1310.
[14] *Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d 1207, 1212-13 (D.C. Cir. 1997).
[15] *See id.*

Here, the three opinions of Lane VanIngen do not include any reference to the cause of the accident at issue. The opinions merely provide factual conclusions about who is and is not a motor carrier subject to the obligations and duties contained within the Federal Motor Carrier Safety Regulations and what those duties entail. The legal conclusion of whether any parties' breach of these duties caused the accident is not made part of VanIngen's report and is instead properly left for the jury to decide. Some recent cases out of the Eastern District are instructive. In *Joseph v. Doe*, the Eastern District held that a use of force expert may opine on the standards or regulations applicable to an incident and whether or not certain standards or regulations were met or violated by a party in the case.[16] However, the expert could not testify that the conduct of a specific party met or failed to meet the applicable legal standard, such as the "reasonableness" of an officer's use of force.[17]

Similarly, in *Rhodes v. Genesis Marine, LLC of Delaware*, the Eastern District held that a marine engineer expert could not opine that a defendant's failure to include a hinged hatch cover, in violation of OSHA regulations, constitutes negligence per se.[18] However, the expert could opine and testify that the failure to provide a hinged hatch cover violated OSHA regulations and that the defendant's conduct in failure to provide the cover fell below the required standard of care.[19] Likewise, in *Thomas v. W&T Offshore, Inc.*, the Eastern District held that a maritime safety expert could opine on the applicable standard of care applicable to maritime safety and whether the defendant met that standard of care.[20] The expert could not and did not opine on the legal cause of plaintiff's accident or on the ultimate issue of whether defendant acted negligently.[21] The same

---

[16] *See Joseph v. Doe*, 2021 WL 2313475 at *3-4 (E.D. La. June 7, 2021)
[17] *See id.*
[18] *See Rhodes v. Genesis Marine, LLC of Delaware*, 2019 WL 3282139 at *6 (E.D. La. July 19, 2019).
[19] *See id.*
[20] *See Thomas v. W&T Offshore, Inc.*, 2018 WL 4223589 at *7 (E.D. La. Aug. 27, 2018).
[21] *See id.*

was true in *Richardson v. Seacor Lifeboats, LLC*, where the Eastern District held that an expert could testify about the reasonable standard of care regarding crane operations and whether a defendant met that standard of care.[22] The expert could not testify as to his opinion regarding whether the defendant was negligent or the legal cause of the accident.[23]

Here, Lane VanIngen's opinions contained within his report are limited to the types of opinions that have been found to be admissible by the Eastern District. He opines that the regulations and duties contained within the Federal Motor Carrier Safety Regulations are applicable to the incident and to Triple G and Brian Reyes. Specifically, this includes proper loading and securing. VanIngen does not opine on causation or contributory negligence. He also does not offer an opinion whether Triple G or plaintiff were negligent. Therefore, his opinions are admissible. Additionally, his opinions are necessary, as a layperson is not expected to be well-versed on the complex motor carrier regulatory framework, thereby necessitating the use of an expert. VanIngen's higher degree of knowledge and experience related to the Federal Motor Carrier Safety Regulations will help the jury to understand the roles/duties of the different parties involved in this case. Notably, other Federal courts have come to this conclusion allowing VanIngen to testify as an expert.[24]

Based upon the above and foregoing, Frontier Logistics, LP respectfully requests that this Honorable Court deny plaintiff's Motion in Limine to Exclude the Testimony of Lane VanIngen.

Respectfully submitted,

---

[22] *See Richardson v. Seacore Lifeboats, LLC*, 2015 WL 2193907 at *3 (E.D. La. May 11, 2015).
[23] *See id.*
[24] *See Escalante v. Creekside Logistics, LLC*, 2019 WL 9135758 at *7 (W.D. Texas Feb. 12, 2019); *Franco v. Mabe Trucking Co.*, 2019 WL 1109879 (W.D. La. March 8, 2019).

*/s/ Lyon H. Garrison*
Lyon H. Garrison (La. #19591)
Eberhard D. Garrison (La. #22058)
Garrison, Yount, Forte & Mulcahy, LLC
909 Poydras Street, Suite 1800
New Orleans, LA 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686

***Counsel for Frontier Logistics, LP***

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above pleading was served on counsel of record through filing in this Court's CM/ECF System, on this date, the 14th day of December, 2021.

*/s/ Lyon H. Garrison*
Lyon H. Garrison (La. #19591)